In the Interest of D.C.H., a child under seventeen years of age.

STATE of Missouri, Respondent,

v.

J.A.F., a/k/a H., Appellant.

No. 17830.

Missouri Court of Appeals,
Southern District,
Division One.

July 15, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Lisa A. Ghan, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for respondent.

William A. Wear, Jr., James R. Sharp, Wear, Karchmer & Nelms, Springfield, for appellant.

PREWITT, Presiding Judge.

The mother of a female child born October 11, 1986, appeals from the trial court's judgment terminating her parental rights. Two separate and independent bases were found to terminate, neglect and the continuation of the condition which led to the juvenile court taking jurisdiction over the child. See § 211.447.2(2), .2(3), RSMo Supp.1990.[1]

▆ In reviewing this matter due regard is given to the trial court for its ability to assess the credibility of the witnesses. *In Interest of G— C— P—*, 680 S.W.2d 429, 430 (Mo.App.1984). The judgment is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* The court's primary concern is the best interest of the children, within the confines of the applicable statutes. *Id.*

▆ The judgment should be set aside on the ground that it is against the weight of the evidence only with caution and with a firm belief that the decree or judgment is wrong. *In Interest of C.L.M.*, 625 S.W.2d 613, 614 (Mo. banc 1981). The grounds for termination must be shown by "clear, cogent and convincing evidence". § 211.-447.2. If any one of the separate conditions was sufficiently established, that suffices to terminate appellant's parental rights. *G— C— P—*, supra, 680 S.W.2d at 430.

▆ To terminate parental rights, there must be strict and literal compliance with the statutes and those seeking to terminate them have the burden of proof. *Id.* Parental rights should not be severed except when grave and compelling reasons exist and not because the children would be better off in another home. *Id.*

▆ Appellant's first point goes to the court's finding of neglect. Relying primarily upon *In re S.P.W.*, 707 S.W.2d 814 (Mo. App.1986), appellant contends in that point that there was no psychiatric testimony to establish that she has a mental condition which is permanent and renders her unable to knowingly provide her daughter with necessary care. See § 211.447.2(2)(a), RSMo Supp.1990. *S.P.W.* involved an element present in § 211.447.2(2)(g), RSMo 1978, not present in § 211.447, RSMo Supp. 1990; that is, that the parent "is so mentally deficient he is unable to form an intent or act knowingly". The full sentence is stated below.[2]

*S.P.W.* indicates that a psychiatrist, rather than a psychologist, must testify as to whether a parent lacked the mental capacity to form an intent or to act knowingly. Mental capacity to form an intent or to act knowingly is no longer necessary. It is now required that there be shown a mental condition either "permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control". § 211.447.2(2)(a), RSMo Supp.1990.

*S.P.W.* has been questioned as being contrary to the Supreme Court of Missouri's decision of *In Interest of C.L.M.*, 625

---

**1.** As the matter was tried on September 19, 1991, and judgment entered on October 2, 1991, the parties appear to agree that the relevant statute is § 211.447, RSMo Supp.1990.

**2.** The parent is so mentally deficient he is unable to form an intent or act knowingly, and has substantially and continuously or repeatedly neglected the child or failed to give the child necessary care and protection.

S.W.2d 613, 615 (Mo. banc 1981). See *In Interest of B.C.H.*, 718 S.W.2d 158, 168 (Mo.App.1986) (Manford, J., concurring). *C.L.M.* states at 625 S.W.2d at 615 that "[t]he opinion of a psychiatrist does not of itself outweigh or refute the contrary opinion of a psychologist".

In criminal matters courts are allowed to appoint psychologists with one year of training or experience in providing treatment or services to mentally disoriented or mentally ill individuals to determine if defendants have capacity to proceed to trial or have a lack of responsibility due to mental disease or defect. See § 552.020.2,.4, RSMo 1986; § 632.005(18), RSMo Supp. 1991.

Other jurisdictions also allow psychologists to testify regarding mental capacity. See *People v. Nelson*, 92 Ill.App.3d 35, 47 Ill.Dec. 683, 415 N.E.2d 688 (1980), cert. denied 454 U.S. 900, 102 S.Ct. 404, 70 L.Ed.2d 217 (1981); *People v. Whitaker* 87 Ill.App.3d 563, 43 Ill.Dec. 166, 410 N.E.2d 166 (1980); *State v. Bush*, 260 N.W.2d 226 (S.D.1977). See also *Hamblin v. State*, 268 Ark. 497, 597 S.W.2d 589 (1980).

This court concludes that the testimony of the psychologists and other evidence sufficiently proved appellant's mental condition. Moreover, there was no objection on the basis now made. The trial court was justified in relying upon that testimony and finding that appellant suffered from the mental condition described in the present statute.

Also as a part of the first point appellant contends there was no evidence that she failed to provide her daughter with support, although able to do so, see § 211.447.2(2)(d), because she was unable financially to provide support to her daughter as she was unemployed. There was evidence that appellant had graduated from high school, had been employed in the past and could work at least in a sheltered workshop. The trial court apparently believed this testimony and it adequately supported the trial court's finding under this subsection of the statute. Point I is denied.

Finding that there was a sufficient basis to terminate parental rights under § 211.447.2(2) makes it unnecessary to determine if finding the other basis for termination was proper.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.